IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
IN NASHVILLE

| | |
|---|---|
| TAS RIGHTS MANAGEMENT, LLC,<br><br>    Plaintiff<br>v.<br><br>JEVON MONTEZ BARBER, KAMMARA MURRY, KENNETH YOUKANS, DARRYL L. ARMOUR, ANTHONY DERKAS, RAYMOND JAMES KOLAS, ALBERT WILLIAMS, DARRYL LARMOUR, GREGORY SIMMONS, TARIK SQUIRES, KIREN WEST, JOHN DOE 1, KARIM ABUKAR, JOHN DOE 2, DUANE ATCHINSON, HERMAN SOMMERFIELD, TYRONE SQUIRES, JOHN DOE 3, DERRICK JACOBS, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, KENYON PRUITT, MELVIN WASHINGTON, ROBERTO LOPEZ, JAMES BRADLEY JR., JANE DOE 1, JOHN DOE 7, JOHN DOE 8, JUAN ESTRADA, KURAN HILTON, LIONEL ARTHUR NELSON, III, SILKY DEVON ROBINSON, DOMINICK MARTIN, JARREL JOHNSON, MICHAEL JOHNSON, SAMMIE MORRIS, JOHN DOE 9, KELLY MARTIN, REGINALD MITCHELL, JOHN DOE 10, MELVIN ROBINSON, ERIC BOGGAN, RON BUCLER, JOHN DOE 11,<br><br>    Defendants | Civil Action No. 3-15 0589<br><br>**Judge Trauger** |

## ORDER OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION

This matter comes before the Court on the motion by the plaintiff, TAS Rights Management, LLC ("Plaintiff"), for default judgment under Fed. R. Civ. P. 55(b)(2) and for permanent injunction against the defendants who have been identified pursuant to the Court's Order of Seizure of Counterfeit Goods (Document 10; "Order"). After due consideration

thereof and of the record of this case, the Court makes the following findings of fact and conclusions of law, and GRANTS Plaintiff's motion.

1). Plaintiff filed a Verified Complaint (Document 1; "Verified Complaint") in this action charging the parties identified in the Verified Complaint as "John Doe," "Jane Doe" and "XYZ Corporation" defendants with liability for: (a) trademark infringement and use of counterfeit mark, in violation of Section 1114(1)(a) of the Trademark Act, 15 U.S.C. § 1051 *et seq.* ("Trademark Act"); (b) trademark infringement, in violation of Section 1125(a) of the Trademark Act; (c) trademark dilution, in violation of Section 1125(c) of the Trademark Act; (d) violation of Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.* ("Tennessee Consumer Protection Act"); and (e) violation of Tennessee Personal Rights Protection Act of 1984, Tenn. Code Ann. § 47-25-1101 *et seq.* ("Tennessee Personal Rights Protection Act").

2). Plaintiff has established that it is the exclusive licensee and administrator of the trademark, name and likeness rights of Taylor Swift, which include the trademarks TAYLOR SWIFT and *[Taylor Swift signature]* ("Taylor Swift Trademarks"), and has also established that the Taylor Swift Trademarks are registered with the United States Patent and Trademark Office ("USPTO"), are distinctive, and are widely recognized by the general consuming public of the United States.

3). Plaintiff has also established that is the owner of the exclusive rights to the trademarks THE 1989 WORLD TOUR, *[THE 1989 WORLD TOUR logo]* and *[1989 WORLD TOUR logo]* ("The 1989 World Tour Trademarks") and of the applications for registration of The 1989 World Tour Trademarks with the USPTO.

4). The record shows that the defendants Jevon Montez Barber, Kammara Murry, Kenneth Youkans, Darryl L. Armour, Anthony Derkas, Raymond James Kolas, Albert Williams, Darryl Lamour, Gregory Simmons, Tarik Squires, Kiren West, John Doe 1, Karim Abukar, John Doe 2, Duane Atchinson, Herman Sommerfield, Tyrone Squires, John Doe 3, Derrick Jacobs, John Doe 4, John Doe 5, John Doe 6, Kenyon Pruitt, Melvin Washington, Roberto Lopez, James Bradley Jr., Jane Doe 1, John Doe 7, John Doe 8, Juan Estrada, Kuran Hilton, Lionel Arthur Nelson, III, Silky Devon Robinson, Dominick Martin, Jarrel Johnson, Michael Johnson, Sammie Morris, John Doe 9, Kelly Martin, Reginald Mitchell, John Doe 10, Melvin Robinson, Eric Boggan, Ron Bucler and John Doe 11 were present, for the purpose of the sale, offering for sale and/or distribution of merchandise marked with counterfeits of the Taylor Swift Trademarks ("Counterfeit Goods"), on the premises or within a twenty-mile radius of the venues where Taylor Swift performed during her 2015 concert tour in the United States ("Defendants").

5). The record further shows that Defendants were personally served with the Order, together with the Verified Complaint and a properly issued Summons, that the deadline for Defendants' filing and serving an answer to the Verified Complaint has passed, that Defendants have not filed or served an answer, a motion or any other pleading, and that the Clerk of the Court has entered default against Defendants, in accordance with Fed. R. Civ. P. 55(a) (Document 107).

6). Defendants' manufacturing, distribution, offering to distribute, offering for sale and/or sale of the Counterfeit Goods amounts to use in commerce of a counterfeit of a mark registered with the USPTO, in violation of Plaintiff's rights in the Taylor Swift Trademarks, and of Section 1114(1)(a) of the Trademark Act, 15 U.S.C. § 1114(1)(a).

7). Defendants' manufacturing, distribution, offering to distribute, offering for sale and/or sale of the Counterfeit Goods is likely to cause dilution of the Taylor Swift Trademarks, in violation of Plaintiff's rights in the Taylor Swift Trademarks, and in violation of Section 1125(c) of the Trademark Act, 15 U.S.C. § 1125(c).

8). Defendants' manufacturing, distribution, offering to distribute, offering for sale and/or sale of any merchandise marked with The 1989 World Tour Trademarks and/or with any word, term, name, symbol or device, or any combination thereof, confusingly-similar to any of The 1989 World Tour Trademarks ("Infringing Goods") amounts to trademark infringement, in violation of Plaintiff's rights in The 1989 World Tour Trademarks, and in violation of Section 1125(a) of the Trademark Act, 15 U.S.C. § 1125(a).

9). Defendants' manufacturing, distribution, offering to distribute, offering for sale and/or sale of the Counterfeit Goods and/or of the Infringing Goods amounts to a violation of Plaintiff's rights in the Taylor Swift Trademarks and in The 1989 World Tour Trademarks, and to a violation of Sections 47-18-104(a), (b)(1), (2), (3), (5), (6), (7), (9), (22) and (27) of the Tennessee Code Annotated, Tenn. Code Ann. §§ 47-18-104(a), (b)(1)-(3), (5)-(7), (9), (22), (27).

10). Defendants' manufacturing, distribution, offering to distribute, offering for sale and/or sale of any products or merchandise bearing a photograph(s) or likeness of Taylor Swift amounts to a violation of the name and likeness rights of Taylor Swift and of Plaintiff's rights therein, and to a violation of Section 47-25-1105 of the Tennessee Code Annotated, Tenn. Code Ann. § 47-25-1105.

11). Pursuant to Section 1116(a) of the Trademark Act, 15 U.S.C § 1116(a), this Court has the power to enjoin violations under Sections 1114(1)(a), 1125(a) and 1125(c) of the Trademark Act, 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c).

12). Pursuant to Section 47-18-109(b) of the Tennessee Code Annotated, Tenn. Code Ann. § 47-18-109(b), this Court has the power to enjoin violations of the Tennessee Consumer Protection Act.

13). Pursuant to Section 47-25-1106 of the Tennessee Code Annotated, Tenn. Code Ann. § 47-25-1106, this Court has the power to enjoin violations of the Tennessee Personal Rights Protection Act.

It is accordingly ORDERED that default judgment is entered against Defendants and Defendants, along with their respective employees, officers, partners, associates, agents, representatives, successors and assigns, and all others under their control, acting on their behalf, or otherwise in active concert or participation with them, are permanently enjoined and restrained from:

a). manufacturing, distributing, offering to distribute, offering for sale, or selling any merchandise marked with any reproduction, counterfeit, copy or colorable imitation of any of the Taylor Swift Trademarks;

b). otherwise reproducing, counterfeiting, copying or colorably imitating any of the Taylor Swift Trademarks, and applying such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services;

c). taking any action or engaging in any conduct that is likely to cause dilution of the Taylor Swift Trademarks;

d). manufacturing, distributing, offering to distribute, offering for sale, or selling any merchandise bearing a photograph(s) or likeness of Taylor Swift, and/or

marked with any of The 1989 World Tour Trademarks and/or with any word, term, name, symbol or device, or any combination thereof, confusingly-similar to any of The 1989 World Tour Trademarks;

  e). representing by any method and in any manner, directly or indirectly, that any Counterfeit Goods and/or any Infringing Goods, and/or any other goods, or any services or commercial activities of Defendants are affiliated, connected or associated with Plaintiff or Plaintiff's licensors; and

  f). otherwise taking any action or engaging in any conduct that is likely to cause confusion, cause mistake or deceive as to Defendants' affiliation, connection, or association with Plaintiff or Plaintiff's licensors, as to the origin Defendants' goods, services or commercial activities, or as to the sponsorship or approval of Defendants' goods, services or commercial activities by Plaintiff or Plaintiff's licensors.

It is so ordered.

Entered this __4th__ day of __January__, 2016.

              _____
              ALETA A. TRAUGER
              UNITED STATES DISTRICT JUDGE